United States District Court
Southern District of Texas
**ENTERED**
November 03, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD BERNARD PHILLIPS, | § | |
| TDCJ #1153439, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-1687 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Richard Bernard Phillips, is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). He seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge an adverse decision by the Texas Board of Pardons and Paroles. The respondent now moves for summary judgment, arguing that the petition must be dismissed as barred by the governing one-year statute of limitations [Doc. # 8]. Phillips has not filed a response and his time to do so has expired. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this action for reasons set forth below.

# I.   **BACKGROUND**

Phillips is currently incarcerated by TDCJ as the result of his 2003 conviction for aggravated sexual assault of a child in Harris County cause number 894360.[1] Phillips was also convicted in 2003 of aggravated sexual assault of a child in Harris County cause number 927417.[2]  Phillips received concurrent 17-year prison sentences in both cases.   Phillips does not challenge any of his underlying convictions here.

On August 15, 2013, the Texas Board of Pardons and Paroles ("Parole Board") denied Phillips early release from prison on parole based on a finding that his release would endanger the public.[3]  In a petition that is dated June 1, 2015, Phillips now seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge the Parole Board's adverse decision.[4]  In that petition, Phillips appears to contend that he was entitled to early release based on the amount of previously earned credit for good conduct

---

[1]      Judgment on Plea of Guilty, Doc. # 7-2, at 69.

[2]      Judgment on Plea of Guilty, Doc. # 8-1, at 3.

[3]      Notice of Parole Panel Decision, Doc. # 7-2, at 31; Regular Voting Record for August 15, 2013, Doc. # 8-2, at 3.

[4]      Petition, Doc. # 1.  The petition was received for filing on June 15, 2015, but it is dated June 1, 2015, indicating that Phillips placed his pleadings in the prison mail system on that same day.  For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a federal petition in the mail as the filing date.  *See Windland v. Quarterman*, 578 F.3d 314, 318 (5th Cir. 2009) (citing *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998)).  Using the date most favorable to Phillips, the Court considers that the petition was filed no later than June 1, 2015.

("good-time credit") that he has earned.[5]   Therefore, he contends that the Parole Board's decision effectively deprived him of previously earned good-time credit in violation of the Due Process Clause.[6]   The respondent moves to dismiss the petition with prejudice as barred by the governing one-year statute of limitations on federal habeas corpus review.

## II.   THE ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d).   In this instance, the statute of limitations on federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(D) when the factual predicate for the petitioner's claims "could have been discovered through the exercise of due diligence."

---

[5]      Petition, Doc. # 1, at 6-8.

[6]      *Id.* at 6.   Phillips appears to mistake the difference between parole, which is wholly discretionary in Texas, and the form of parole known as mandatory supervision, which requires an inmate's release from prison when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." TEX. GOV'T CODE ANN. § 508.147(a).   Because of his conviction for aggravated sexual assault of a child, Phillips is not eligible for early release on mandatory supervision. *See id.* at § 508.149(a)(6).

Phillips knew or should have been aware of the factual predicate for his claim on August 15, 2013, when he was denied parole.  That date triggered the statute of limitations for federal habeas corpus review, which expired one year later on August 15, 2014.  Phillips's pending federal habeas corpus petition, filed on June 1, 2015, is well outside the limitations period and is therefore time-barred unless a statutory or equitable exception applies.

### A.    Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not be counted toward the limitations period.  The record reflects that Phillips filed a state application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure on November 30, 2014.[7]  The state habeas corpus court entered findings of fact and concluded that Phillips was not entitled to relief.[8]  The Texas Court of Criminal Appeals denied that application on July 15, 2015, without a written order.[9]  Because this state habeas proceeding was filed after the limitations period had already expired, it has no tolling effect for purposes of § 2244(d)(2).  *See Scott v.*

---

[7]      State Habeas Application Under Article 11.07, Doc. # 7-2, at 6-22.

[8]      Findings of Fact and Conclusions of Law, Doc. # 7-2, at 45-46.

[9]      Action Taken in *Ex parte Phillips,* Writ No. 83,351-01, Doc. # 7-1, at 1.

*Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Phillips has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner.  *See* 28 U.S.C. § 2244(d)(1)(B).  Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence.  *See* 28 U.S.C. § 2244(d)(1)(C), (D).  Accordingly, there is no statutory basis to save Phillips's late-filed claims.

### B.    Equitable Tolling

The Fifth Circuit has held that the statute of limitation found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  Equitable tolling is an extraordinary remedy which is sparingly applied.  *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).  The Supreme Court has clarified that a "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Phillips has not filed a response to the respondent's motion for summary judgment and he has not otherwise alleged facts that could support equitable tolling in this instance.  The Court's own review of the record does not disclose a basis for equitable tolling.  In that respect, Phillips clearly waited more than a year to challenge the Parole Board's 2013 decision in state court.  Thus, Phillips cannot show that he pursued relief with the requisite due diligence.  Equitable tolling is not available where, as here, the petitioner squanders his federal limitations period.  *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999).

Although Phillips proceeds *pro se* on federal habeas review, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling.  *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling).

6

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.[10]  *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000).  The Fifth Circuit has counseled, however, that the doctrine of equitable tolling is applied "restrictively" and "is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'"  *In re Wilson*, 442 F.3d 872,  875 (5th Cir. 2006) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation and alteration omitted)).  Given the petitioner's lack of diligence, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided.  *See Felder*, 204 F.3d at 173.  Phillips has not established that he is entitled to tolling and, therefore, his petition must be dismissed as barred by the governing one-year limitations period.

_____

[10]     Alternatively, it appears that the due process claim raised in the petition is without merit.  As the state habeas corpus court correctly observed, the Texas parole statutes do not create an expectation of release that trigger due process protection under the United States Constitution. *See* Findings of Fact and Conclusions of Law, Doc. # 7-2, at 45 (citing *Williams v. Briscoe*, 641 F.2d 274, 276-77 (5th Cir. 1981)).  Thus, it is settled that Texas inmates "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

## III.   CERTIFICATE OF APPEALABILITY

The habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certificate of appealability to issue before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).  Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV. <u>CONCLUSION AND ORDER</u>

Therefore, based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment [Doc. # 8] is **GRANTED**.

2. The habeas corpus petition filed by Richard Bernard Phillips [Doc. # 1] is **DISMISSED** with prejudice as barred by the statute of limitations.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

9

SIGNED at Houston, Texas, on <u>November 3</u>, 2015.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

10